UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BENITO, et al.,<br><br>    Defendants. | Case No. 15-cv-00331-JST<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND EXPERT DISCLOSURES**<br><br>Re: ECF No. 95 |

Before the Court is Plaintiff Nancy Martinez's motion for leave to amend her expert disclosures. ECF No. 95. Martinez seeks to disclose an expert, Dr. Lipton, who has not previously been disclosed, to take the place of a previously disclosed expert, Dr. Stimac. The Court also construes the motion as asking for leave to provide a late report from Dr. Greene, an expert who was previously disclosed but who never produced an expert report. Martinez intends to offer both experts' testimony in opposing Defendants' motion for summary judgment on her wrongful death claim. The Court will deny the motion.

The wrongful death claim was included in Martinez's first amended complaint. ECF No. 68 at 11-12. The deadline to disclose experts related to that claim was February 23, 2018.[1] ECF No. 71 at 1.

Martinez timely disclosed Dr. Greene on August 14, 2017. But the disclosure failed to comply with Federal Rule of Civil Procedure 26(a)(2)(B), which requires that disclosures of experts who are "retained or specially employed to provide expert testimony in the case" – like Dr. Greene – must be "accompanied by a written report." Martinez did not provide a report with

---

[1] The Court set a later deadline for claims raised for the first time in the second amended complaint. ECF No. 87 at 1.

her disclosure and instead stated that, "the report is not complete because of the untimely death of Justin Baldasano [on April 29, 2017]; additional information is needed in order for Dr. Greene to complete his report." ECF No. 95 at 15. However, even if this explanation were sufficient to allow a belated expert report – a question this Court does not decide – no report has ever been produced in this case. Defense counsel's declaration states that he has "never received a report from Dr. Greene," ECF No. 96 at 6, and Martinez has provided no contrary evidence.

As to Dr. Lipton, Martinez acknowledges that any disclosure would be untimely, and she unsuccessfully sought a stipulation from Defendants for leave to amend her expert disclosures. ECF No. 95 at 4. She contends that the late disclosure is warranted based on new information obtained from the deposition of the coroner, Dr. O'Hara, which was originally noticed for January 22, 2018, but not completed until March 28, 2018. However, Martinez fails to mention that Dr. O'Hara's deposition was noticed by Defendants, not Martinez. ECF No. 92 at 2. In addition, Martinez received the autopsy performed by Dr. O'Hara on July 13, 2017. ECF No. 96-1 at 2. Martinez contends that, "[t]he deposition of the medical examiner who performed the autopsy was instrumental in understanding the mechanism and dynamics of the cause of death," ECF No. 95 at 6, but she does not explain why she did not notice Dr. O'Hara's deposition or seek other discovery on this issue, or why it would not have been sufficient for her own experts to review the autopsy.

Federal Rule of Civil Procedure 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In addition to, or instead of that sanction, the court may also impose any of the other appropriate sanctions provided for in Rule 37. Fed. R. Civ. P. 37(c)(1)(A)-(C). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).

Rule 37(c)(1) "gives teeth" to Rule 26's disclosure and supplementation requirements, including the requirement that parties disclose experts and expert reports "at the times and in the

sequence that the court orders." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Fed. R. Civ. P. 26(a)(2)(D). The Advisory Committee Notes to the 1993 amendments to Rule 37 describe subsection (c)(1) as a "self-executing," "automatic sanction [that] provides a strong inducement for disclosure of material" that must be disclosed pursuant to Rule 26. Rule 37(c)(1) sanctions based on failure to disclose evidence in a timely manner may be appropriate "even when a litigant's entire cause of action or defense" will be precluded. *Yeti*, 259 F.3d at 1106. The Ninth Circuit has recognized, however, that "evidence preclusion is, or at least can be, a 'harsh' sanction," and where a "sanction amount[s] to dismissal of a claim, the district court [is] required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith." *R & R Sails*, 673 F.3d at 1247 (quoting *Yeti*, 259 F.3d at 1106) (alteration omitted).

Martinez has not provided substantial justification for her delay. Although she claims that she only became aware of the need for an additional expert after the deposition of Dr. O'Hara, she provides no justification for why she failed to notice that deposition earlier – or at all – following receipt of the autopsy report in July 2017. Moreover, Martinez states that Dr. Stimac informed counsel before March 9, 2018, "that because the diagnostic studies were inconclusive, he could not be of assistance." ECF No. 95 at 2. Thus, the need for a different medical expert was apparent before the March 28 deposition of Dr. O'Hara, and Martinez presents no explanation for why it could not have been discovered before the February 23 expert disclosure deadline. Nor does she explain why, months after his initial disclosure, Dr. Greene has been unable to produce an expert report.

In addition, Martinez's untimely disclosures are not harmless. "Disruption to the schedule of the court and other parties in that manner is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005). Trial is scheduled to begin on July 9, 2018, with a pretrial conference on June 15, 2018, and a pretrial conference statement due on June 5, 2018. ECF No. 71 at 2. The parties have known about these dates since October 3, 2017. *Id.* Martinez asserts on reply that any prejudice to Defendants can be cured by allowing Defendants' experts an

opportunity to amend their reports, but this ignores the unavailability of one of Defendants' experts, *see* ECF No. 96 at 6, as well as Defendants' likely desire to depose Dr. Lipton and perhaps conduct a further deposition of Dr. Greene. This would undoubtedly delay the briefing on Defendants' motion for summary judgment and impact the trial date.

Finally, Martinez's conduct in this case was willful. "'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985)). Martinez has not persuaded the Court that the delays at issue were outside her control. To the contrary, Martinez's inability to satisfy the expert disclosure deadlines in this case appear to be entirely of her own making.

**CONCLUSION**

Martinez's motion to provide a late expert report from Dr. Greene and to amend her expert disclosures to add Dr. Lipton is denied.

**IT IS SO ORDERED.**

Dated: April 17, 2018

_____
JON S. TIGAR
United States District Judge