UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BENITO, et al.,<br><br>Defendants. | Case No. 15-cv-00331-JST<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DEFENDANTS' MOTION IN LIMINE NO. 2**<br><br>Re: ECF No. 143 |

Defendants' Motion in Limine No. 2 sought to exclude evidence "relating to Justin Baldasano being criminally prosecuted and the results of that prosecution." ECF No. 113 at 3. The Court granted that motion at the June 15, 2018 pretrial conference, explaining that:

> [T]he members of the District Attorney's Office who participated in this are not defendants in the case. They will not be testifying in the case.
>
> It's their state of mind that controlled in the filing decision of the case. It's their state of mind that controlled whether or not to seek an injunction and so forth. It's just too far afield, and it just rests on too much speculation.

ECF No. 148 at 42. With the Court's permission, Plaintiff Nancy Martinez filed a motion for reconsideration of the Court's ruling based on the intervening Supreme Court decision in *Lozman v. City of Riviera Beach*, 138 S. Ct. 1945 (June 18, 2018). ECF No. 143. The Court will deny the motion.

In *Lozman*, the Supreme Court considered a case where the plaintiff "alleges that high-level city policymakers adopted a plan to retaliate against him for protected speech and then ordered his arrest when he attempted to make remarks during the public-comment portion of a city council meeting." 138 S. Ct. at 1949; *see id.* (describing closed-door City Council meeting where

one councilmember "suggested that the City use is resources to 'intimidate' Lozman and others who had filed lawsuits against the City," and other councilmembers "responded in the affirmative" when "asked whether there was 'a consensus of [that view]'"). The Court "assume[d] . . . that the arrest was taken pursuant to an official city policy" and held that the plaintiff "need not prove the absence of probable cause to maintain a claim of retaliatory arrest against the City" under these circumstances. *Id.* at 1951, 1955. The Court explained that:

> Lozman does not sue the officer who made the arrest. Indeed, Lozman likely could not have maintained a retaliation claim against the arresting officer in these circumstances, because the officer appears to have acted in good faith, and there is no showing that the officer had any knowledge of Lozman's prior speech or any motive to arrest him for his earlier expressive activities.

*Id.* at 1954. The Court described Lozman's claim as "far afield from the typical retaliatory arrest claim" and characterized the issue before the Court as a "narrow one." *Id.* at 1951, 1954.

In this case, Plaintiff does not allege that Baldasano was arrested in retaliation for engaging in protected speech. Nor is there any allegation that "high-level city policymakers adopted a plan to retaliate" against Martinez based on the filing of this lawsuit. *Id.* at 1949. To the contrary, the second amended complaint alleges that the County is liable based on a "failure to train County law enforcement officers in interacting with persons who have civil actions against the department, including but not limited to retaliating against such persons." ECF No. 85 ¶ 35. *Lozman* is therefore inapposite. Plaintiff's motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: July 5, 2018

_____
JON S. TIGAR
United States District Judge

2