UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BENITO, et al.,<br><br>    Defendants. | Case No. 15-cv-00331-JST<br><br>**ORDER ALLOWING NON-ECONOMIC DAMAGES CLAIM ON BEHALF OF JUSTIN BALDASANO**<br><br>Re: ECF No. 142 |

The parties dispute whether Justin Baldasano's claim for non-economic damages survived his death. ECF No. 142. The Court issued a text order indicating that it would allow that claim to proceed, ECF No. 146, and now issues this order to explain the reasoning behind that decision.

California Code of Civil Procedure section 377.34 "does not allow a decedent's estate to recover for the decedent's pre-death pain and suffering. Because federal law is silent on the measure of damages in § 1983 actions, California's disallowance of pre-death pain and suffering damages governs unless it is inconsistent with the policies of § 1983." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1103 (9th Cir. 2014) (citations omitted). The Ninth Circuit has held that "[s]ection 377.34 . . . does not apply to § 1983 claims where the decedent's death was caused by the violation of federal law." *Id.* at 1105.

In this case, the Court has granted summary judgment to Defendants on Plaintiff's wrongful death cause of action. ECF No. 107 at 15-16. Baldasano's death was therefore, as a matter of law, not caused by any alleged violation of federal law. *Chaudhry* left open the question of whether pre-death pain and suffering damages are available in these circumstances: "In logical terms, it is a fallacy to infer the inverse of a conditional from the conditional." *VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871, 884 (9th Cir. 2016) (explaining that "even though it is true that, 'if the

recording consists entirely of independent sounds, then the copyright does not extend to it,' that statement does not necessarily mean that 'if the recording does not consist entirely of independent sounds, then the copyright does extend to it.'"). Thus, *Chaudhry*'s holding – that if the decedent's death is caused by a violation of federal law, then section 377.34 does not apply – does not mean that if the decedent's death is *not* caused by a violation of federal law, then section 377.34 *does* apply.

Defendants rely on *Robertson v. Wegmann*, in which the Supreme Court held that a Louisiana law under which a decedent's tort claim "would survive only in favor of a spouse, children, parents, or siblings" was not inconsistent with federal law when the decedent's death "was not caused by the deprivation of rights for which he sued under § 1983, and Louisiana law provides for the survival of most tort actions." 436 U.S. 584, 587, 594 (1978). But this Court agrees with other courts that have distinguished section 377.34 or similar statutes that preclude all recovery for pre-death pain and suffering.[1] *E.g.*, *Erickson v. Camarillo*, No. 14-01942-PHX-JAT, 2017 WL 2335659, at *3-8 (D. Ariz. May 30, 2017); *Williams v. City of Oakland*, 915 F. Supp. 1074, 1076-80 (N.D. Cal. 1996).

Plaintiff Nancy Martinez may recover non-economic damages on behalf of Justin Baldasano.

**IT IS SO ORDERED.**

Dated: July 9, 2018

_____
JON S. TIGAR
United States District Judge

---

[1] Defendants cite a single case that applied section 377.34 to bar pre-death pain and suffering where "plaintiffs have not alleged facts sufficient to show that [the defendant] caused [the decedent's] death by some violation of federal law." *Ward v. County of Mendocino*, No. 17-cv-0911-PJH, 2017 WL 4949003, at *8 n.1 (N.D. Cal. Nov. 1, 2017) (cited in ECF No. 142 at 4). The Court is not persuaded by this summary conclusion contained in a footnote, in part because it relies on *Chaudhry*'s holding to support its inverse proposition.